DLD-208                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2243
_____

UNITED STATES OF AMERICA

v.

BRIAN A. PERRI, Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-15-cr-00486-001)
District Judge:  Honorable Michael M. Baylson
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 31, 2023

Before:  JORDAN, CHUNG, and SCIRICA, Circuit Judges

(Opinion filed: September 12, 2023)

_____

OPINION[*]
_____

**PER CURIAM**

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Brian Perri appeals pro se from the District Court's order denying his motion for reduction of sentence. The Government has filed a motion for summary affirmance and to be relieved of its obligation to file a brief. We grant the Government's motion and will summarily affirm the District Court's judgment.

In 2016, appellant Brian Perri pleaded guilty to transporting child pornography and possession of the same in violation of 18 U.S.C. §§ 2252(a)(1), (a)(4)(B). The District Court sentenced him to 10 years' imprisonment, followed by 15 years of supervised release. Perri is currently incarcerated at Federal Correctional Institution – Fort Dix in New Jersey and is scheduled for release in March 2025.

In March 2023, Perri filed a motion ostensibly under Federal Rule of Criminal Procedure 35(b), (Rule 35(b)), arguing that he had earned good-time credits by completing recidivism programs and was thus eligible for placement in a residential reentry center (RRC). The Government opposed the motion, arguing that Rule 35 was inapplicable and that insofar as Perri's filing arose under 28 U.S.C. § 2241, the District Court lacked jurisdiction to consider it. The District Court dismissed Perri's motion for lack of jurisdiction. Perri appealed.[1]

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We may take summary action if "no substantial question is presented" in the appeal, 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6, and may affirm on any basis supported by the record, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We agree with the District Court's disposition and conclude that, regardless of how Perri's filing is construed, he is not entitled to relief. Despite its label, Perri's filing was not properly brought under Rule 35(b). See Lewis v. Att'y Gen., 878 F.2d 714, 722 n.20 (3d Cir. 1989) (pro se filings are judged based on substance rather than label or form). Rule 35(b) motions are made by the Government, only, and the Government so moves when the defendant has provided substantial assistance during an investigation. See Fed. R. Crim. P. 35(b)(1)-(2). Neither circumstance applies here. It was Perri – not the Government – who filed the motion and the motion had nothing to do with assistance provided during the investigation. Accordingly, Perri's motion did not set forth a basis for relief under Rule 35(b).

To the extent that Perri's filing sought relief under § 2241, see Woodall v. Bureau of Prisons, 432 F.3d 235, 241-43 (3d Cir. 2005), we agree that the Eastern District of Pennsylvania lacked jurisdiction to consider it. A § 2241 petition must be filed in the district where an inmate is currently incarcerated which, for Perri, is the District of New Jersey. See Argueta Anariba v. Dir. Hudson Cnty. Corr. Ctr., 17 F.4th 434, 445 (3d Cir. 2021).

And, in any event, Perri's claim for relief lacks merit. Although inmates can receive good-time credits by completing recidivism programs, Perri is ineligible for such credits because he was convicted of child pornography offenses. See 18 U.S.C. § 3632(d)(4)(A)(i), (D)(xlii). To the extent that Perri's filing was a motion for

3

compassionate release, see 18 U.S.C. § 3582(c)(1)(A)(i), see also C.A. No. 5 at 4, dismissal was still proper, because Perri pointed to no extraordinary and compelling circumstances warranting release.[2] See United States v. Andrews, 12 F.4th 255, 260-61 (3d Cir. 2021) ("The duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance.").

Finally, Perri argues that the District Court erred in declining to recommend that the Bureau of Prisons (BOP) place him in the RRC for a twelve-month time-period. See C.A. No. 5 at 4; see also ECF No. 136 at 4. The BOP is vested with exclusive authority to determine the location of an inmate's imprisonment. See 18 U.S.C. § 3621(b). Under the Second Chance Act, the BOP director is permitted (but not required) to place an inmate in a community correctional facility during the final twelve months of his sentence. See 18 U.S.C. § 3624(c)(1). We cannot fault the District Court for declining to issue a recommendation about incarceration decisions that lie with the BOP. Accordingly, we will affirm.

---

[2] Perri previously filed two motions for compassionate release, both of which were denied. Perri did not appeal from the denial of the first motion, and we affirmed the denial of the second motion. See C.A. No. 21-2870.